Wilde J
delivered the opinion of the Court. In the case of Doane et al. v. Phillips, we are of opinion that the judgment of the court in Bates v. Drury, 4 Mason, 119, is conclusive. The cases are precisely similar, and the reasons given by Story J. in delivering his opinion, in the latter case, are entirely satisfactory. It is true that these cases are not within the words of the statute of the United States, of March 2, 1799, c. 129, but they are within its obvious meaning, and the rule of construction in such case has been long established, and may be safely followed whenever the reason and intention of a statute can be clearly discerned ; and we think it may be mi fhe present case.
*230 The case of Currier against the same defendant stands, we th nk, on different grounds. It is agreed that the plaintiff was removed from office, and in this particular it differs from the other case. This difference seems to us to have a material bearing on the construction of the statute, because the language of a statute is not to be enlarged or limited by construction, unless its object and plain meaning require it. That the legislature intended to provide for the distribution of commissions in cases like the present, cannot be affirmed with any degree of confidence ; on the contrary, we concur in the remark of Story J., in the case already referred to, “ that the case of removals, being presumed to be for good cause, was probably not thought fit, upon motives of policy, to be embraced in any universal rule.”
If such was not the intention of the legislature, it seems difficult to give a satisfactory reason for the omission to provide for such cases in express terms, as collectors have at all times been liable to be removed from office. The inference would seem to be, that when the act provides for all cases, except removals, to which the provision, as the law then was, could by possibility apply, this omission was intended by the legislature. But whether this inference be probable, or only doubtful, it is equally fatal to such an equitable construction of the statute, as would embrace the present case.
As to the small claim for services rendered by the plaintiff after he had notice of the defendant’s appointment, and before he relinquished his office, we think it quite impossible to support it. It is agreed that during the time he held the office, and performed its duties, he received the fees. The defendant was ready to enter on the duties of .his office when he no tified the plaintiff of his appointment, and it was postponed for a few days for the plaintiff’s convenience. While it was thus postponed, the plaintiff continued to act as collector, and was collector de facto. He was the agent of the United States, and not the agent of the defendant, and consequently can have no claim on him for services rendered in the business of the office.[1]

 See United States v. Pearce, 2 Sumner, 575.